*Original to U.S. Dist. Ct*



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS OTTEN ADAMS, PRO SE, PLAINTIFF | |
| VS. | 2:06-CV-0959-WKW |
| CARTER DAVENPORT, WARDEN II, ET. AL., DEFENDANT(S) | |

Plaintiff's Motion for a Preliminary Injunction, F.R. Civ. P. 65

Comes now the Plaintiff, Thomas Otten Adams, a state prisoner, who is before this Honorable Court, Chief United States Magistrate Judge, Charles S. Coody.

In support of this motion;

each religious group of prisoners is to a greater or lesser degree, under the control and jurisdiction of the government, even by the several states and their agencies, (Dept. of Corrections), it is the failure of the government to provide for religious needs, among which, are the protections of these needs, which results in the denial of the free exercise clause.

Plaintiff/Petitioner maintains that the A.D.O.C. hair grooming policy is unreasonable, being arbitrary and capricious, which would and does allow a substantial interference, the hair grooming policy fails both the compelling interest and least drastic means test(s)!

This petitioner presents, in these present circumstances, no legitimate security concern or claim assumed by the A.D.O.C. in as much as petitioner remains now in a segregation cell for over 17 months.

This petitioner alleges that there are no religious programs or opportunities

(3)

Petitioner maintains that any claim of hygiene concerns by the A.D.O.C., are its own creation, caused entirely by the confiscation/seizure of prisoners shampoo during the entire period of punishment, (a minimum of 21 days).

"Treatment that degrades the inmate, invades his privacy and frustrates the ability to choose pursuits through which he can manifest himself and gain self-respect erodes the very foundation upon which he will prepare for a socially useful life. Religion in prison subserves the rehabilitative function by providing an area within which the inmate may reclaim his dignity and reassert his individuality"
<u>Barnett v. Rodgers. 410 F.2d. 995, 1002 (D.C. - 1969)</u>

"Federal Courts sit not to supervise prisons, but to enforce the constitutional rights of all "persons", including prisoners"
<u>Cruz v. Beto 405. U.S. 319, 321 (1972)</u>

(4)

## RELIEF REQUESTED

Petitioner/Plaintiff respectfully requests that;

This Court issue forth a preliminary injunction to require the Alabama Department of Corrections, Easterling Correctional Facility, (the Defendant(s)) to restrain and desist from any and all orders by D.O.C. personnel to the Petitioner/Plaintiff Thomas Otten Adams - 100612 to; cut the hair from his head.

Done this 16 day of November, 2006

Thomas Adams
_____
Thomas Adams - 100612
SA-18 Segregation Unit
200 Wallace Drive
Clio, Ala. 36017

(5)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, BY SIGNATURE, THAT I HAVE MAILED A COPY OF PETITIONER'S, "MOTION FOR A PRELIMINARY INJUNCTION - RULE 65", PROPERLY ADDRESSED AND FIRST-CLASS POSTAGE PRE-PAID TO:

MS. KIM THOMAS, LEGAL DIVISION
ALA. DEPT. OF CORRECTIONS
P.O. BOX 301501
MONTGOMERY, ALA.
36130-1501

DONE THIS 16 DAY OF NOVEMBER, 2006

_Thomas Adams_
THOMAS ADAMS - 180612
5A-18 SEG. UNIT
200 WALLACE DR.
CLIO, ALA. 36017

