IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

THOMAS OTTER ADAMS, #100 612     *

    Plaintiff,     *

    v.     *     2:06-CV-959-WKW
                                                        (WO)

CARTER DAVENPORT, WARDEN II,     *
*et al.*,
                                           *

    Defendants.

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court are Plaintiff's requests for preliminary injunctive relief. (Docs. No. 1 and 9.) Upon consideration of Plaintiff's motions for preliminary injunction, the court concludes that the motions are due to be denied.

### DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707

F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The court has carefully reviewed the Plaintiff's motions and concludes that Plaintiff has failed to demonstrate that he meets each of the prerequisites[1] for the issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motions for a preliminary injunction (Docs. No. 1 and 9) be DENIED; and

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before December 11, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[1] The plaintiff certainly fails as a matter of law to show that he is entitled to relief on the merits of his claim. *See Brunskill v. Boyd.* 141 Fed.Appx. 771, 2005 WL 1208632 (11th Cir. 2005).

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of November, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE