ORIGINAL TO US. DIST. CT. CLERK

RECEIVED
2006 DEC -8 A 10: 04
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS OTTEN ADAMS, PRO SE, PLAINTIFF VS. CARTER DAVENPORT, WARDEN II, ET. AL. DEFENDANT(S) | CIVIL ACTION, § 1983 2:06-CV-0959-WKW OBJECTION- |

PLAINTIFF'S OBJECTION

COMES NOW THE PLAINTIFF, THOMAS OTTEN ADAMS, A STATE PRISONER, WHO IS BEFORE THIS HONORABLE COURT. CHIEF UNITED STATES MAGISTRATE JUDGE, CHARLES S. COODY.

WITH ALL DUE RESPECT, AND TAKING INTO FULL ACCOUNT, TO TAKE HEED AND NOTICE OF THIS HONORABLE COURT'S WISDOM AND MUCH EXPERIENCE, THE PLAINTIFF FILES THIS OBJECTION TO DOCUMENT # 11-1 OF 11-28-2006.
IN SUPPORT OF THIS OBJECTION;

① PLAINTIFF HAD REQUESTED INJUNCTIVE RELIEF, CONCERNING A 42 USC. § 1983 COMPLAINT, ALLEGING FIRST AMENDMENT VIOLATIONS, A HEARING WAS HELD AND INJUNCTIVE RELIEF WAS DENIED ON 11-28-2006, BY THE MAGISTRATE JUDGES RECOMMENDATION # 1 OF DOCUMENT # 11-1 OF 2:06-CV-959-WKW.

② PLAINTIFF FILES THIS OBJECTION TO RECOMMENDATION #1 OF 2:06-CV-959-WKW-CSC. PURSUANT TO THE INSTRUCTIONS OF THAT DOCUMENT.

③ CIVIL ACTION # 2:06-CV-959-WKW-CSC, IS AUTHORIZED BY 42 USC, §1983, TO REDRESS THE GRIEVANCE(S) OF THE PLAINTIFF, WHICH UNDER COLOR OF STATE LAW, ARE BEING VIOLATED AND CONTRARY TO THE RIGHTS AND PRIVILEGES PROTECTIONS OF THE UNITED STATE CONSTITUTION, THE CONSTITUTION OF THE STATE OF ALABAMA, ADMINISTRATIVE REGULATIONS OF THE ALABAMA DEPARTMENT OF CORRECTIONS, THE STANDARD OPERATING PROCEDURES OF ADOC.

①

the Civil Rights Act of Institutionalized Persons, the American Indian Religious Freedom Act, (42 USC. 1996), the Alabama Religious Freedom Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA-2000).

(4) Plaintiff's claims for injunctive relief are authorized by 28 U.S.C., Sec. 2283, 2284 and Rule-65 of the F.R.Civ.P.

(5) Plaintiff seeks declaratory relief pursuant to F.R.Civ.P- Rule 57 as well as 28 USC Section 2201 and 2202.

(6) The United States District Court for the Middle District of Alabama, the Northern Division is an appropriate venue under 28 U.S.C., Section 1391(b)(2), because it is where these specific events occurred, giving rise to the claim of Religious Discrimination,

(7) These acts of the Defendant(s) now represent a pattern of events which demonstrate intentional discrimination and retaliation against this Plaintiff, and Native American prisoners generally.

(8) Plaintiff invokes this Honorable Courts authority/Jurisdiction pursuant to 28 USC § 1331, (Federal Question)

> QUESTION?
> IS IT LEGAL, FOR THE ALABAMA DEPARTMENT OF CORRECTIONS, (E.C.F.) TO REQUIRE AND ORDER, A NATIVE AMERICAN PRISONER (or any prisoner) TO CUT HIS/HER HAIR, AGAINST RELIGIOUS BELIEFS?

"Courts may not pass judgment, on the truth, falsity or rationality of beliefs in determining whether they are religious"
    Thomas v. Review Bd., 450 U.S. 707, 714 (1981)

"(Petitioner) prisoner's retain the right to equal protection of the law."
    Lee v. Washington, 390 U.S. 333, 334 (1968)

(3)

"Partly because prison officials had acknowledged his religious sincerity, the Court found that the prisoner's interests in wearing the traditional Indian hair style was predicated on belief protected by the First Amendment."
  Teterud v. Gillman, 385 F.Supp., 153
  Affirmed, 522 F.2D., 357 (8th Cir., 1975)

"Federal Courts sit not to supervise prisons, but to enforce the constitutional rights of all 'persons', including prisoners"
  Cruz v. Beto, 405 U.S. 319, 321 (1972)

Petitioner maintains that, there are no religious programs/activities of any type or nature for Native American prisoners, who are in the segregation unit, S-Dorm, E.C.F.

"Reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment, without fear of penalty." (Disciplinary actions)
  Cruz v. Beto, 405 U.S. 319, 322 (1972)

(4)

The free exercise clause of the First Amendment protects in allowing these practices, requirements, teachings, customs, methods and beliefs.

Plaintiff maintains that his beliefs are sincere and religious in nature.

<u>Lindauer v. Thompson</u>, 93-D-1404-N
<u>N.A.P.O.A. v. D.O.C.</u>, 95-D-0554-N-I.D.
<u>N.A.P.O.A. v. D.O.C.</u>, 94-CV-0186-JMP

Also;
<u>Martinelli v. Dugger</u>, 817 F.2d, 1499, 1503-05 (11th Cir., 1987)

For First Amendment purposes and as a matter of law, A.D.O.C., Easterling Correctional Facility does recieve federal financial assistance, from the U.S. Department of Justice,

Complaint no. 171-2-16, no. 168-02-D, no. 210-02-D, no. 171-75-8, by the Omnibus Crime Control and Safe Streets Act of 1968, as Amended, 42 USC § 3789(c).

" Whenever a belief system encompasses fundamental questions of the nature of reality and the relationship of human beings

(5)

to reality, it deals with essential religious questions"

<u>Alabama and Coushatta Tribes v. Big Sandy School District, 817 F.Supp. 1319, 1329, (E.D. Tex. 1993)</u>

"When the power, prestige and financial support of government (ADOC) is placed behind a particular religious belief.(The Potters House Chapel, E.C.F.), the indirect coercive pressure upon religious minorities (N.A.P.O.A.) to conform to the prevailing 'officially approved' religion is plain."

<u>Engle v. Vitale, 370 U.S. 421, 430-31 (1962)</u>

"It is where the government (ADOC) has total control over peoples lives, as in prisons, a niche has necessarily been carved into the 'Establishment Clause' to require the government (ADOC) to afford opportunities for worship."

The government (ADOC) in control of its prisons, is precluded from denying religious observance to inmates, thus in the prison setting the

establishment clause has been interpreted in light of the affirmative demands of the free exercise clause.

<u>U.S. v. Kahane</u>, 396 F.Supp. 687, 698
<u>Kahane v. Carlson</u>, 527 F.2d, 492 (2nd. Cir. 1975)

This petitioner contends that, "uncut hair" is a necessary activity and a customary part of Native American spirituality / religion.

"In determining, whether the prisoner should be permitted to wear long-hair as an exercise of his religion, the 8th Cir. said that it was not necessary to prove that wearing long-hair is an 'absolute tenant of the Indian religion practiced by all Indians, proof that the practice is deeply rooted in religious is sufficient.'

<u>Teterud v. Gillman</u>, 385 F.Supp., 153

Also in the same action, the Native American refused, on religious grounds, to have his hair cut. The District Court noted the difficulty of ascertaining

(7)

the sincerity of a person's avowed beliefs because there is no way to probe the "inner workings of the mind."

"One prisoner's sincerity was demonstrated by his reciept of four disciplinary tickets and loss of 'good time' for refusing to cut his hair in the violation of his beliefs."
Moskowitz v. Wilkinson, 432 F.Supp. 950

Any restraints on free exercise must be clearly justified. This requirement of 'compelling interest' and the 'least drastic means' test, place the burden of proof on the A.D.O.C., not this Petitioner.

The Government (ADOC) must show that a compelling interest/need cannot be met through alternative means that would cause less or no infringements of a prisoner's free-exercise rights.

(8)

"Religion serves as a 'rehabilitive function'.
<u>Barnett v. Rogers, 410 F.2d. 995, 1002. (D.C. Cir, 1969)</u>

It is not the province of government officials or court to determine religious orthodoxy.

The A.D.O.C. knows (or should know) that the restrictions placed on traditional Native American worshipers is illegal.

To the best of my belief and knowledge, there is much litigation in the federal and state courts against this administration at Easterling, and still the E.C.F. administration continues to ignore, disregard, make light of, turning a deaf ear to, and then neglect what is clear from the several courts.

Much of which is actually handed down from this Honorable Court, the Federal Courts of Alabama.

The ADOC's hair grooming policy/restriction is not "reasonably related to legitimate penalogical objectives."
Flagner v. Wilkinson, 241 F.3d. 475, 486 (6th, 2001)

(9)

Nor does this policy meet the compelling interest/least restrictive means standard found in the (R.F.R.A.) Religious Freedom Restoration Act.

Please see;

<u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 349
<u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)

Also; even though the A.D.O.C's interest(s) in maintaining the security of its 'Houses of Detention' is "compelling" and should be at least for the publics safety. The State's A.O.C. can, and therefore must, satisfy this interest (petition) by the 'less drastic' means than the total curtailment of a Native American Petitioner/Plaintiff's right to participate with non-segregated inmates in his religious observances.

<u>Wilson v. Beame</u>, 380 F.Supp., 1232, (E.D.N.Y.- 1979)

Petitioner contends that prison officials will be expected to claim that everything they do (regulations-policies) is security related whether it is or not!

(10)

LEGAL USE ONLY

Prison officials have a history of trying to "avoid their due-process responsibilities simply by re-labeling the punishments imposed on prisoners."
Sanders v. Woodruff, 908 F.2d. 310, 316 (8th - 1990)

This petitioner has now remained in continuous segregation (Admin. & Punitive) for over 500 days, because I fight for the constitutional rights of Native American prisoners.

A prisoner's beliefs (religious) are protected even if the individuals position and beliefs, "are not articulated with the clarity and precision that a more sophisticated person (a licensed attorney) might employ"
Thomas v. Review Bd., 450 U.S. 715

One alternative to any hair-grooming regulations is, "Free exercise rights of a Rastafarian inmate violated by the requirement that all male inmates recieve haircut upon entry into prison, because pulling back hair in ponytail fashion adequately has accommodated penal interest(s).
Benjamin v. Coughlin, 905 F.2d. 571, 576-77 (2nd, 1990)
Iron Eyes v. Henry, 907 F.2d. 810, 814-16 (8th - 1990)
Standing Deer v. Carlson, 831 F.2d., 1525 (9th - 1987)
Allen v. Toombs, 827 F.2d. 563, 565 (9th - 1987)

(11)

ALSO THAT;
"A NATIVE AMERICAN PRISONER IN SECURITY HOUSING UNIT, SHOULD HAVE BEEN 'PERMITTED' TO PARTICIPATE IN THE PIPE-CEREMONY AT HIS CELL DOOR"
<u>SAMPLE v. BORG, 675 F.SUPP. 574, 580 (E.CAL.-1987)</u>

ALSO;
"PRISON OFFICIALS <u>MUST</u> PRESENT JUSTIFICATION FOR THE DENIAL OF SERVICES TO LOCK-DOWN INMATES."
<u>DIVERS v. D.O.C., 921 F.2D., 191 (1990)</u>

"LACK OF PRIVATE CONSULTATION WITH RELIGIOUS ADVISORS WAS UNCONSTITUTIONAL."
<u>GRIFFIN v. COUGHLIN, 743 F.SUPP., 1025 (    )</u>

"THE FIRST AMENDMENT, MANDATES THAT GOVERNMENT NEUTRALITY BETWEEN RELIGION AND RELIGION, AND BETWEEN RELIGION AND NON-RELIGION"
<u>EPPERSON v. ARKANSAS, 393 U.S., 97, 103-104</u>
ALSO IN EPPERSON:
"GOVERNMENT IN OUR DEMOCRACY, STATE AND NATIONAL, <u>MUST BE NEUTRAL</u> IN MATTERS OF A RELIGIOUS <u>THEORY</u>, <u>DOCTRINE</u> AND <u>PRACTICE</u>. IT (D.O.C.) MAY NOT BE HOSTILE TO ANY RELIGION OR TO THE ADVOCACY OF NON-RELIGION, AND IT <u>MAY NOT</u> AID, FOSTER OR PROMOTE ONE RELIGION OR A RELIGIOUS THEORY AGAINST ANOTHER OR EVEN AGAINST THE MILITANT OPPOSITE."

(12)

It is argued, in the action *Teterud v. Burns, 522 F.2d. 357, (8th - 1975)* "That there is NO JUSTIFICATION for applying different judicial standards to free-exercise claim(s), in and out of prison, since the values to be protected by the First Amendment REMAIN THE SAME."

A philosopher William James who is quoted in *Patrick* say "that in defining religion as - the feelings, ACTS and experiences of individual men in their solitude, so far as they apprehend themselves to stand in relation to whatever they may consider the Divine."
*Patrick v. LeFevre, 745 F.2d. 153, 157 (2nd. - 1984)*

Also: *Monroe v. Bombard, 422 F.Supp. 211, (1976)*

Says that "Justifications for the infringement on a prisoner's free-exercise of their religion, founded only in fear and apprehension are INSUFFICIENT to overcome rights asserted under the First Amendment."

"Although deference must be accorded to expertise and discretionary authority of prison officials, prison regulations which are more restrictive than necessary to carry out legitimate penological objectives CANNOT STAND." I.D.

In pertinent part, *Lucero* holds that correctional officers failed to show a good faith effort to treat different religious groups equally, entitling inmates to pursue Equal Protection claim based on the failure to employ a Full-time Native American Spiritual Leader/Advisor.
*Lucero v. Hensley, 920 F.Supp. 1067, (C.D. Cal. - 1996)*

(13)

The special position of religious freedom as a constitutional right is EXCEPTED from the internal discipline defense. In Sewell Chief Judge Sobeloff, who was then writing for the Court recognizes that, "there is a limit to the prison discipline doctrine __ __ it has NEVER been held that upon entering a prison one is entirely bereft of all his civil rights and forfeits every protection of of the law. (at 198)

Sewell v. Pegelow, 291 F.2d. 196, (4th - 1961)

This petitioner had requested in the complaint of this civil action. At paragraph VI. (a declatory judgement).

As is defined in a Supreme Court case. Lewis, this petitioner suffers an "ongoing harm" and "injury".

(I am not living as I know I should. I cannot worship/pray in the manner I am taught. I feel as though I have lied to Creator, God, Great Spirit, Wakan-Tanka.)

Lewis v. Casey, 518 U.S. 343 (1996)

For this Honorable Courts consideration. If I am forced to wait for a jury-trial and/or equal relief, I will then have suffered "irreversible harm", permanent.

"Injury" is defined in,
"Thompson v. Carter", 284 F.3d. 411 (2nd. 2002)
Harris v. Garner, 190 F.3d. 1279. (11th 1999)
Calhoun v. DeTella, 319 F.3d. 936 (7th 2003)

(14)

As is found in <u>Limbaugh</u>, p.3 - "The free exercise of religion means, first and foremost the right to believe and profess whatever religious doctrine one desires. Thus, the first amendment <u>obviously excludes all governmental regulation of religious beliefs as such.</u>

<u>Employment Div. v. Smith, 494 U.S. 872, 877 (1990)</u>

The Plaintiff's (N.A.P.O.A.) profession of belief in Native American religion, therefore, is protected under the free exercise clause.

Prison inmates do not forfeit all constitutional protection because of their conviction. <u>Bell v. Wolfish, 441 U.S. 520 (1979)</u>

Also in relevant part, <u>Limbaugh</u> records at page 6, "The Alabama Department of Corrections' hair length regulation old in place on the Plaintiffs (N.A.P.O.A.) free exercise of their religion."

From the III. Conclusion of <u>Limbaugh</u> "The Court does not doubt the sincerity of the Plaintiffs as adherents of Native American religion. — The Court does not doubt that the <u>length of their hair</u> and access to the sweat lodge ceremony are <u>important components</u> of their religious practices. (p. 16)

<u>James Limbaugh v. Leslie Thompson - No. 93-D-1404-N</u>
<u>Native American Prisoners of Alabama, (NAPOA), Turtle-Wind Clan, vs. Alabama's D.O.C. — No. 95-D-0554-N)</u>

(15)

## RELIEF REQUESTED

Petitioner/Plaintiff has requested a jury trial, pursuant to F.R. Civ. P. - #57, as well as the original complaint, 2:06-CV-0959-WKW-CSC.

Petitioner/Plaintiff has requested that this Honorable Court, Chief United States Magistrate Judge, Charles S. Coody, and United States District Judge, Honorable W. Keith Watkins to issue, to the defendant(s) an Declaratory Judgment, in which;

(A) The constitutional issue and questions of regulation as concerns hair length and religious requirements are addressed.

(B) The constitutional question as to the issues of, religious ceremonies for any Native American Prisoners confined to S-Dorm, Segregation Unit.

As "Prospective Relief" in the above referenced Civil Action, 2:06-CV-0959-WKW-CSC,

Declaratory Judgment - 28 USC § 2201, CH. 151, — any Court of the U.S., upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Respectfully submitted,
Thomas Adams
Thomas Adams - 100612
SA-18 Seg. Unit, E.C.F.

Done this 3 day of December, 2006

Certificate of Service

I hereby affirm, by signature, that I have mailed a copy of, "Plaintiff's Objection" to the Ala. Dept. of Corrections as,

Ms Kim Thomas, Legal Division
301 South Ripley St.
Post Office Box - 301501
Montgomery, Alabama   36130-1501

Properly addressed, and First-Class Pre-paid.

Done this 3 day of December, 2006

Respectfully Submitted,
Thomas Adams

Thomas Otter Adams - 100612
SA-18, Seg. Unit, - E.C.F.
200 Wallace Drive
Clio, Ala. 36017