IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS OTTER ADAMS
PLAINTIFF

vs.

CARTER DAVENPORT,
WARDEN II, ET. AL.
DEFENDANT(S)

CASE NO:
2:06-CV-959-WKW

PLAINTIFF'S ANSWER TO SPECIAL REPORT

Comes now the plaintiff, Thomas Otter Adams, a state prisoner, who is before Chief United States Magistrate Judge, Honorable Charles S. Coody,

Pursuant to the order of January 8, 2007, plaintiff submits the following;

in support thereof;

I am Thomas Otten Adams, a state prisoner, and file this Answer pursuant to 28 U.S.C. § 1746 (2), the Penalty of Perjury, and the Order of Honorable Charles S. Coody, filed January 8, 2007.
<u>Document # 15-1</u>

(1) The First Amendment to the United States Constitution states in relevant part, that;

"Congress shall make no law respecting an establishment of religion, or prohibiting the <u>FREE EXERCISE THERE OF.</u>"

(2) Answer to Defendant's Response - p.3-(1)
Plaintiff(s) has a clear Constitutional Right by and thru the Protections of the First Amendment, as applies to state prisoners, which then results from the Fourteenth Amendments Protections.

"No state shall — deprive <u>any person</u> of life, liberty, or property, without due process of law; nor deny to <u>any person</u>

(1)

within its jurisdiction the <u>equal protection of the laws.</u>

(3) "Federal courts sit not to supervise prisons, but to enforce the constitutional rights of all 'persons' including prisoners."
<u>Cruz v. Beto</u>, 405 U.S., 319, 321 (<u>1972</u>)

(4) "It is the hope that religion might serve a rehabilitative function."
<u>Barnett v. Rogers</u>, 410 F.2d. 995, 1002 (<u>1969</u>)

(5) Plaintiff maintains that the named defendant's have violated constitutional rights which a reasonable person would have known.

(6) It is specifically, the free exercise right of the constitutions first amendment which is in jeopardy, endangered and at risk, due and owing to the actions, policies, procedures, management and order(s) of the A.D.O.C.'s personal appearance, inmate hand book, page-12.

(7) The A.D.O.C. now restricts, and then denies, inmate Adams, in the

(2)

practice of his religious beliefs, rituals, ceremonies, customs, observances and teachings, violating <u>FREE EXERCISE</u>.

(8) Should this Court consider that the A.D.O.C.'s policy on personal appearance does further a "compelling interest" as is claimed by the defendant(s), it must still be stricken and determined unconstitutional.

(9) Unless and until the A.D.O.C. at Easterling can demonstrate and validate being capable of proving that the A.D.O.C.'s policy is the least restrictive means of accomplishing any goals and objective.

(10) Plaintiff contends that the present policy of the A.D.O.C., as is stated and enforced by Easterling Correctional Facility is not the "least restrictive" means or way of accomplishing goals, aims and intents.

(11) In fact, the required haircut of the segregation unit at Easterling is totally and fully different than the policy and standard for "population" inmates.

(12) The policy for segregation inmates, no matter how long you're in the unit

(3)

is the complete denial and restraint of religious ceremonies, rituals of a Native American prisoner, which also then discriminates.

(13) From the, motion for a Preliminary injunction - Rule-65, filed November 16, 2006, at page 2, that; "The A.D.O.C. (Easterling Corr. Facility) recieves federal grants, loans and monies which authorizes and allows the Congress to implement and pass laws which requires the recipient (ADOC) to adhere to the terms and provisions of;

    Civil Rights of Institutionalized Persons Act, 42 USC 1997, Sec. 8 (4)

    Civil Rights Act of 1964, Title VI Section 601, 602

    Omnibus Crime Control and Safe Streets Act, (as amended, 42 USC 3789(d),(c)

    Religious Land Use and Institutionalized Persons Act

(4)

(14) The defendant's maintain that the only means to treat lice is to cut someone's hair off, this is a preposterous assumption, based on an irrational, wrong, erroneous and faulty medical opinion, which is also unqualified and utterly wrong.

(15) Exactly what type of contraband and/or weapons would be hidden in someone's hair remains to be explained or stated, any further violation and infringement on a native american prisoner's free exercise of religion, which is founded only on fear and unrealistic panic, false alarm are wholly insufficient and inadequate to overcome this plaintiff's assertions of constitutional violations.

(16) The question of discrimination due to a prisoner's gender, as the grooming regulation is enforced remains to be answered. Are all prisoners treated the same?
 There is an <u>equal protection</u> violation?

(5)

Answer to Defendants Response. p. 3-(2)

(17) Plaintiff Adams files, pursuant to the penalty of perjury, herein realleges each material fact of the original complaint, specifically that, the plaintiff's hair is a vital, essential, requisite, necessary, living element and teaching of traditional Native American Indian spirituality, worship, ritual, ceremonial, daily living, it is wrong and illegal to order and require a Native American practitioner to cut his or her hair.

(18) In TETERUD, the Plains Indians, were held to have a religion in which hair played a central role, and the "compelling intirest" "and least restrictive means" tests were employed to determine that prison authorities had to find LESS RESTRICTIVE alternatives to the hair length regulations.

(19) Partly because prison officials had acknowledged his religious sincerity, the court found that the prisoners interest in wearing the traditional Indian hairstyle was predicated in belief protected by the First Amendment. 522 F.2d, 357

(6)

ANSWER TO DEFENDANT'S RESPONSE P.3 - (3)

(20) Plaintiff realleges and incorporates the original complaint, as if fully stated herein, in which it is charged the deprivation of First Amendment rights, as the claim for which relief (VI - an answer, declatory judgement, punitive damages, a restraining order, a jury trial - page 3F).

(21) This action by the E.C.F. administration, the segregation unit, and the Chaplain's Office, shows further, the religious retaliations and discriminations against this prisoner and others who are even similarly situated.

(22) This Plaintiff is due relief of a declatory judgement, punitive damages and any other relief which is just and equal, by the decision and orders of this Honorable Court.

ANSWER TO DEFENDANT'S RESPONSE, P.3 - (4)

(23) Plaintiff maintains that each and every defendant has, and continues, to act "under the color of state law", which for the purposes of this "Plaintiff's answer" and

(7)

the "original complaint" are thereby liable as state employees/actors and do then fail to qualify for immunity of the eleventh amendment, as Sec. §1983 reads, in relevant part, "every person who under color of any statute, ordinance, regulation, custom or usage of any state, territory or the Dist. of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

Answer to Defendant's Response - Page 3, (5)

(24) Plaintiff maintains that the defendants are not due qualified immunity, owing to each defendant(s) personal involvement and personal responsibility which is charged in the original complaint, as page 3 (f) (e) (23) - (25)

(25) Plaintiff's religious rights are clearly established

(8)

## RELIEF

Plaintiff respectfully requests that this Honorable Court to issue and order the Alabama Department of Corrections and Easterling Correctional Facility to immediately analyze, examine, research and conduct a full review of the grooming policy as concerns and relates to the Native American prisoners, then enlisting the Religious Activities' Review Committee.

Done this 12 day of January, 2007

Signed: Thomas Adams

Thomas Adams - 100612
SB-12 Seg. Unit., E.C.F.
200 Wallace Drive
Clio, Ala. 36017

Refer to case citings. P. 10 —

(9)

<u>AUTHORITIES, CASE CITINGS,</u>

<u>CUTTER V. WILKINSON, 423 F.3D., 579 (2005)
125 S.CT. 2113, 161 L.ED. 2D., 1020</u>

<u>42 USCA § 2000 CC-1, SEC. 3 (A),(B),(F)
SEC. 5(9), SEC. 8 (6), (7A), 42 USC § 1997</u>

<u>TETERUD V. GILLMAN, 385 F.SUPP., 153 (8th, 1975)</u>

<u>TETERUD V. BURNS, 522 F.2D., 357 (8th, 1975)</u>

<u>BARNETT V. ROGERS, 410 F.2D., 995 (D.C. - 1969)</u>

<u>WILSON V. BEAME, 380 F.SUPP., 1232 (N.Y., 1974)</u>

<u>CROWE V. ERICKSON, NO. 72-4107 (D.S.D., MAY 4, 1977)
SETTLEMENT ITEM #2, 4 IND. L. REV., F.92 (6-20-1977)</u>

<u>SAMPLE V. BORG, 675 F.SUPP., 574 (E.D. CAL. - 1987)</u>

<u>ALLEN V. TOOMBS, 827 F.2D., 563 (9th, 1987)</u>

<u>TURNER V. SAFELY, 482 U.S., 78 (1987)</u>

<u>MONROE V. BOMBARD, 422 F.SUPP., 211 (1976)</u>

(10)

Certificate of Service

I hereby certify, by signature, that I have mailed a true copy of "Plaintiff's Answer to Special Report", first-class postage pre paid and properly addressed to:

Ms. Kim Thomas, Legal Division
101 S. Union St.
P.O. Box - 301501
Montgomery, Ala. 36130-1501

Done this 12 day of January, 2007

Signed: Thomas Adams
Thomas Otten Adams - 100612
5B-12 Seg. Unit. - E.C.F.
200 Wallace Drive
Clio, Ala. 36017



(11)