IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS OTTER ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:06-cv-959-WKW |
| v. | ) |
| | ) |
| CARTER DAVENPORT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff filed a Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. # 18) on March 26, 2007. In the motion, Plaintiff requests that the court "re-consider [its] former decision(s)" in this action; specifically its Order (Doc. # 3) denying Plaintiff's request for a Temporary Restraining Order (Doc. #1) and its Order (Doc. # 13) overruling Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. # 11). To the extent that Plaintiff moves for a new Temporary Restraining Order and Preliminary Injunction on the basis of the cutting of his hair since the entry of this court's Order (Doc. # 13), the motion is DENIED.

The grooming policy of the Alabama Department of Corrections ("ALDOC"), as stated in the Inmate Handbook ("Handbook"), requires that all inmates "keep [their] hair well-groomed." (Ex. 1 at 19.) The Handbook explicitly defines that a regular haircut is one where the hair is "off [the] neck and ears" and that any sideburns are to be worn "medium length and extended no longer than the middle of the ear." *Id.* Further, this policy is in place for "health, identification, and security reasons." *Id.*

In *Brunskill v. Boyd*, No. 02-00403-cv-4-RH-WCS, 2005 WL 1208632 (11th Cir. May 10, 2005), a Native American prisoner ("Plaintiff") brought a 42 U.S.C. § 1983 action against the Florida Department of Corrections alleging various violations of his constitutional rights, including a violation under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Plaintiff practiced the Tobacco Indian religion and it was "against his religious belief to cut or allow another to cut or touch his hair . . . ." *Brunskill* at * 1. He alleged that the Department of Correction's hair cut policy was too restrictive and violated RLUIPA because the officers forced him to cut his hair. *Id.* Rule 33-602.101 (4) of the Florida Administrative Code provides that "[f]or security and identification purposes . . . [m]ale inmates shall have their hair cut short to medium uniform length at all times with no part of the ear or collar covered . . . . Sideburns shall not extend beyond the bottom of the earlobes and will have straight lines with no flare at the base . . . ." The Eleventh Circuit upheld the hair length policy under the standards embodied in RLUIPA because the policy is "the least restrictive means in furthering compelling governmental interests in the security, health, and safety of inmates and staff." *Id.* at * 4.[1]

The ALDOC policy is similar to the policy of the Florida Department of Corrections in *Brunskill*. Both policies provide for a similar length and uniformity of the hair, as well as the same stated compelling reasons behind the policy. To enjoin the Defendants from cutting Plaintiff's hair, the court must find that the underlying policy is unconstitutional under RLUIPA. However, based upon the holding of *Brunskill* viewed in conjunction with the similar policy enacted by ALDOC, this

---

[1] The proper level of constitutional scrutiny is strict scrutiny in any alleged violation of RLUIPA. *See Benning v. Georgia*, 391 F.3d 1299, 1303 (11th Cir. 2004). Under strict scrutiny, the government must meet the burden of establishing that any policy called into question is the least restrictive means of furthering the stated compelling interest of the government. *See* 42 U.S.C. § 2000cc-1.

the court can not do.  The court finds that Plaintiff is unlikely to succeed on the merits of his claim. Therefore, his Motion for a Preliminary Injunction and Temporary Restraining Order is DENIED.[2]

To the extent that Plaintiff requests a reconsideration of any prior orders, the request is DENIED based upon the aforementioned analysis.

DONE this 28th day of March, 2007.

                                 /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE

---

[2] In order to grant injunctive relief to a party, a court must consider whether the movant has established: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).